**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SCOTT M. BERUBE,<br><br>                   Plaintiff,<br><br>   v.<br><br>FAY SERVICING, LLC,<br><br>                 Defendant. | **CIVIL ACTION**<br>**No. 4:24-cv-12196-DHH** |

## <u>ORDER</u>

**January 28, 2026**

Hennessy, M.J.,

This matter is before the court on the Plaintiff Scott M. Berube and Defendant Fay Servicing, LLC's cross-motions for summary judgment. (Dockets #39 and #34, respectively). Also before the court, is Berube's motion for leave to file an amended complaint. (Docket #48). These matters are now ripe for adjudication. Also before the court is Berube's motion for temporary restraining order and preliminary injunction. (Docket #50). For the reasons that follow, Berube's motion to amend the complaint is DENIED, Fay Servicing's motion for summary judgment is ALLOWED, Berube's motion for summary judgment is DENIED, and the motion for temporary restraining order and preliminary injunction is DENIED AS MOOT.

## I.     <u>BACKGROUND</u>

On September 15, 1997, Berube acquired property located at 531 Jewett Hill Road in Ashby, Massachusetts (the "Property") via quitclaim deed. (DSOF at ¶ 1).[1] On July 22, 2005, Berube obtained a $287,150 loan from Sovereign Bank that was secured by a mortgage on the

---

[1] The Defendant's Statement of Material Facts ("DSOF") is available at Docket #36.

1

Property (the "Mortgage").  (Id. at ¶¶ 2-4).  Starting on June 1, 2012, Berube began missing payments on the Mortgage.  (Id. at ¶ 5).  Rushmore Management Services transferred loan servicing of the Plaintiff's Mortgage to Fay Servicing on October 8, 2015.  (Id. at ¶ 6).  In February of 2016, Berube entered into a forbearance agreement in which he confirmed that he had failed to make monthly payments due as of August 1, 2013, and that he was in arrears in the amount of $60,785.  (Id. at ¶ 7).  On March 20, 2018, Berube entered into a loan modification agreement with Fay Servicing but defaulted later that year.  (Id. at ¶¶ 9-10).

On August 16, 2022, Fay Servicing entered into an Assurance of Discontinuance pursuant to section 5 of Massachusetts General Laws chapter 93A with the Commonwealth of Massachusetts (the "AOD").  (Id. at ¶ 11).  Pursuant to the AOD, Fay Servicing agreed to review eligible borrowers for a principal reduction loan modification ("PRLM") and to provide eligible borrowers with notice of the opportunity to pursue PRLM review.  (Docket #37-2 at ¶¶ 42, 45).  Fay Servicing agreed not to proceed with foreclosure on PRLM review-eligible loans unless those borrowers had an opportunity to apply and be fully reviewed for the loan modification program.  (Id. at ¶ 46).

Fay Servicing sent Berube a letter on September 7, 2022, informing Berube that he might be eligible for a PRLM (the "PRLM Letter").  (Docket #37-1 at 59-62).  Berube's loan was not current at the time of the PRLM Letter.  (DSOF at ¶ 16).  The PRLM Letter included a borrower assistance form and a checklist identifying which documents Berube might need to submit in order to be reviewed for the modification.  (Docket #37-1 at 59-62).  In response to the PRLM Letter, Berube submitted an application for PRLM in October 2022.[2]  (DSOF at ¶ 17).  On December 26, 2022, Fay Servicing notified Berube that they had received his completed application.  (Id. at ¶ 20).

---

[2] Following his submission of the application in October 2022, Berube was required to submit additional documentation to complete the application.  (DSOF at ¶ 19).

Fay Servicing informed Berube on January 10, 2023, that, upon review of his application, Berube was not eligible for a PRLM modification. (Id. at ¶ 21). Berube disagreed with the income listed on the denial letter and, with the assistance of the Massachusetts Attorney General's Office, submitted additional documents to support his reported income. (Id. at ¶¶ 22-23). On April 25, 2023, Fay Servicing sent Berube a second letter informing Berube that, even after adjusting Berube's income, he was not eligible for loss mitigation, including a PRLM modification. (Id. at ¶ 25).

Following the denial, Berube sent Fay Servicing a 93A demand letter on March 20, 2024, which Fay Servicing received on March 25, 2024. (Id. at ¶¶ 26-27). Fay Servicing responded to the 93A demand letter with a letter dated April 23, 2024. (Docket #37-1 at 74-76). Berube did not receive the response until after April 26, 2024.[3] (Docket #44-1 at 32). On July 18, 2024, Berube, proceeding pro se, filed the instant action in Worcester Superior Court asserting claims of negligence and a violation of chapter 93A. (Docket #11 at 4-9). Fay Servicing removed the case to this court on August 26, 2024, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket #1).

Fay Servicing filed a motion for summary judgment on July 31, 2025 (Docket #34), which Berube opposed on September 2, 2025 (Docket #44). On August 4, 2025, Berube filed his own motion for summary judgment (Docket #39), which Fay Servicing opposed on August 25, 2025 (Docket #41), and to which Berube replied on September 15, 2025 (Docket #45). On October 23, 2025, after the motions for summary judgment were fully briefed, Berube moved for leave to file an amended complaint. (Docket #48). Fay Servicing opposes the motion to amend. (Docket #49).

---

[3] Berube does not indicate when he actually received Fay Servicing's response.

## II.     <u>STANDARD</u>

"The objective of summary judgment is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" <u>Rojas-Ithier v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico</u>, 394 F.3d 40, 42 (1st Cir. 2005) (quoting <u>Wynne v. Tufts Univ. Sch. of Med.</u>, 976 F.2d 791, 794 (1st Cir. 1992)).  When considering a motion for summary judgment, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is "genuine" when the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party. <u>Morris v. Gov't Dev. Bank of Puerto Rico</u>, 27 F.3d 746, 748 (1st Cir. 1994).  A fact is "material" when it might affect the outcome of the suit under the applicable law. <u>Id.</u>  The moving party bears the initial burden of asserting the absence of a genuine issue of material fact and "support[ing] that assertion by affidavits, admissions, or other materials of evidentiary quality." <u>Mulvihill v. Top-Flite Golf Co.</u>, 335 F.3d 15, 19 (1st Cir. 2003).  In determining whether summary judgment is proper, "a court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor." <u>Clifford v. Barnhart</u>, 449 F.3d 276, 280 (1st Cir. 2006).  Where the plaintiff is proceeding pro se, as here, the court will construe his allegations liberally. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  A court, however, will not "conjure up unpled allegations" to state an actionable claim. <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (internal quotation omitted).

**III.    DISCUSSION**

**A.    Negligence**

Counts 1, 2, 3, and 5 of Berube's complaint asserts claims of negligence against Fay Servicing. (Docket #11 at 7-8). "To prevail in a negligence action under Massachusetts law, a plaintiff must prove that (1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached this duty; (3) damage to the plaintiff resulted; and (4) the breach of the duty caused this damage." Brown v. United States, 557 F3d 1, 3 (1st Cir. 2009).

Fay Servicing disputes that it owed a duty of care to Berube. (Docket #35 at 3). "Generally, a duty of care arises from the relationship of parties to one another: landlord and tenant, doctor and patient, driver and passenger, etc." Mackenzie v. Flagstar Bank, FSB, 738 F.3d 486, 495 (1st Cir. 2013) (quotation omitted). "The relationship between a borrower and lender does not give rise to a duty of care under Massachusetts law." Id. Thus, in order to establish a negligence claim against Fay Servicing, Berube must establish a duty of care that exists outside the borrower-lender relationship. In count 1 of his complaint, Berube seeks to assert a duty of care based on Fay Servicing's receipt of his 93A demand letter. (Docket #11 at 7). In the remaining negligence counts, Berube seeks to establish a duty of care based on Fay Servicing's obligations under the AOD. (Id. at 7-8).

1.    Response to the 93A Demand Letter

In count 1 of his complaint, Berube asserts that Fay Servicing negligently failed to respond to his 93A demand letter within thirty days. (Docket #11 at 7). Additionally, Berube alleges that Fay Servicing neither accepted nor rejected his offer nor did Fay Servicing make a counteroffer or ask for clarification. (Id.).

5

Chapter 93A prohibits those that are engaged in trade or commerce from employing "unfair or deceptive acts or practices." Mass. Gen. Laws ch. 93A, § 2. The statute provides individuals with a private right of action. Mass. Gen. Laws ch. 93A, § 9. Before such a claim can be brought in court, "a claimant seeking relief must send a written demand 'reasonably describing the unfair or deceptive act or practice relied upon' by the claimant." Neuhoff v. Marvin Lumber & Cedar Co., 370 F.3d 197, 205 (1st Cir. 2004) (quoting Mass. Gen. Laws ch. 93A, § 9(3)). Any person who receives such a demand may, "within thirty days of the mailing or delivery of the demand for relief, make[] a written tender of settlement." Mass. Gen. Laws ch. 93A, § 9(3). If the tender of settlement is rejected, the defendant may limit any recovery to the relief tendered "if the court finds that the relief tendered was reasonable in relation to the injury actually suffered." Id. The statute does not require a response to the 93A demand letter and "failure to respond or an inadequate response to a demand letter is not itself a violation of Chapter 93A." Dworman v. PHH Mortg. Servs., 775 F. Supp. 3d 546, 562 (D. Mass. 2025) (quoting Dawe v. Capital One Bank, No. 04-40192-FDS, 2007 U.S. Dist. LEXIS 82870, at *4 n.2 (D. Mass. Oct. 27, 2007)) (emphasis in original). Thus, the court finds that receipt of a 93A demand letter does not create a duty of care on its recipient to respond and thus count 1 of Berube's complaint is subject to dismissal.

Even if the service of a 93A demand letter created a duty of care, the record demonstrates that Fay Servicing responded to the letter. Fay Servicing received the 93A demand letter on March 25, 2024. Fay Servicing sent a response on April 23, 2024, within the thirty-day window provided by statute.[4] The three-page response set forth the history between the parties and explained why Berube's account was not eligible for an alternative to foreclosure. (Docket #37-1 at 74-76). The

---

[4] While Berube asserts that he did not receive the response until after April 26, 2024, the statute does not require that the response be received within thirty days, only that written tender be made within thirty days. See Mass. Gen. Laws ch. 93A, § 9.

response further informed Berube that he could reapply for loss mitigation assistance if he had experienced a change in circumstances. (Id. at 76). The court finds this response sufficient to meet any duty of care.

2.      The AOD

In counts 2, 3, and 5 of his complaint, Berube asserts that Fay Servicing negligently failed to abide by the terms of the AOD. (Docket #11 at 7-8). Fay Servicing argues that the AOD did not create any duty of care owed by Fay Servicing to Berube necessary to establish a negligence claim. (Docket #35 at 6).

Massachusetts courts have adopted the Restatement (Second) of Contracts approach for determining whether third parties have enforcement rights under a contract. Miller v. Mooney, 431 Mass. 57, 62 (2000). Under this approach, only intended beneficiaries may enforce a contract. Id. A third party qualifies as an intended beneficiary only if it "appear[s] from 'the language and circumstances of the contract' that the parties to the contract 'clearly and definitely' intended the beneficiaries to benefit from the promised performance." Id. (quoting Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366-67 (1997)). In order to determine whether a third party is an intended beneficiary of a contract, a court must first consult the language of the contract. Arco Ingenierosm, S.A. v. CDM Int'l Inc., 368 F. Supp. 3d 256, 261 (D. Mass. 2019). "If the contracting parties' intent is clear from that language, that intent controls." Id.

The AOD is an agreement between the Commonwealth of Massachusetts and Fay Servicing. The AOD expressly provides that it is "solely for the benefit of the parties to this AOD and may not be used or relied upon by third parties." (Docket #37-2 at ¶ 10). Thus, as Berube is neither a party to the AOD, nor an intended beneficiary of the AOD, he may not seek to enforce the AOD. Orozco v. Newrez, LLC, No. 19-12444-PBS, 2021 U.S. Dist. LEXIS 266665, at *10

(D. Mass. June 9, 2021); see <u>Mackenzie</u>, 738 F.3d at 491 ("[B]orrowers are not third-party beneficiaries of agreements between mortgage lenders and the government.").

Even if Berube had standing to compel compliance with the AOD, there is no evidence that Fay Servicing violated the AOD as it may pertain to Berube. Fay Servicing contacted Berube and informed him that he might be eligible for a PLRM. Fay Servicing then completed a timely review of Berube's application once the application was complete and provided a written assessment upon determining that Berube was not eligible. Fay Servicing then reviewed Berube's appeal of the denial on income. Fay Servicing discharged their obligations owed to the Commonwealth under the AOD.

### B.  Massachusetts General Laws Chapter 93A

In count 4 of his complaint, Berube asserts that Fay Service violated Chapter 93A by not informing him of new protections created for eligible Massachusetts homeowners who have a mortgage serviced by Fay Servicing. (Docket #11 at 8). To prevail on a Chapter 93A claim, a plaintiff must demonstrate "[1] a deceptive act or practice on the part of the defendant, [2] an injury or loss suffered by the plaintiff and [3] a causal connection between the defendant's deceptive act or practice and the plaintiff's injury." <u>Dworman</u>, 775 F. Supp. 3d at 562. What constitutes a deceptive act or practice "requires an individualized, 'fact-specific' inquiry." <u>Woods v. Wells Fargo Bank, N.A.</u>, 733 F.3d 349 (1st Cir. 2013) (quoting <u>Arthur D. Little, Inc. v. Dooyang Corp.</u>, 147 F.3d 47, 55 (1st Cir. 1998)). "Generally, however, the facts must illustrate something beyond a mere good faith dispute, failure to pay, or simple breach of contract." <u>Id.</u> "[F]or a claim to be viable, a Chapter 93A defendant's action must be egregiously wrong and the objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce." <u>Dworman</u>, 775 F. Supp. 3d at 562.

Berube has failed to allege conduct that rises to the level of rascality required of a 93A claim. Instead, Berube attempts to assert a 93A violation by arguing noncompliance with the AOD; however, a plaintiff "cannot undergird Chapter 93A liability with alleged violations of the AOD." Orozco, 2021 U.S. Dist. LEXIS 266664, at * 17. Therefore, Fay Servicing is entitled to judgment on count 4 of the complaint.

### C. Motion to Amend

Berube seeks to amend his complaint to include allegations concerning the initiation of foreclosure proceedings by Fay Servicing. (Docket #48). Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend a pleading only with the consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). "The default rule mandates that leave to amend is to be freely given when justice so requires, unless the amendment would be futile, or reward, inter alia, undue or intended delay." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (internal quotations omitted). However, "[a]s a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." Id. "Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Federal Rule of Civil Procedure 16(b)." Id. That standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id. Where, as here, the motion to amend is filed after a motion for summary judgment has been filed, "a plaintiff is required to show substantial and convincing evidence to justify a belated attempt to amend a complaint." Id. (quotation omitted).

Berube has not met this standard. Both parties filed and fully briefed motions for summary judgment prior to the motion to amend. The amendment would cause undue delay and is appropriately denied for that reason. Furthermore, the proposed supplement is based on Berube's claim that Fay Servicing violated the AOD by initiating foreclosure proceedings and, in breaching the AOD, violated Chapter 93A. (Docket #48). As previously discussed, Berube may not seek to enforce the AOD nor can he undergird allegations of Chapter 93A liability with alleged violations of the AOD.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Berube's motion to amend the complaint (Docket #48) is **DENIED**, Fay Servicing's motion for summary judgment (Docket #34) is **ALLOWED**, and Berube's motion for summary judgment (Docket #39) is **DENIED.** As the court has ordered judgment for Fay Servicing, Berube's emergency motion for temporary restraining order and preliminary injunction (Docket #50) is hereby **DENIED AS MOOT**.

/s/ David H. Hennessy
David H. Hennessy
U.S. Magistrate Judge
